# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv347

| | |
|---|---|
| **McCOLL PARTNERS, LLC, a Limited Liability Company,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| Vs. | )<br>) |
| **DME HOLDINGS, LLC,** | )<br>) |
| **Defendant.** | )<br>)<br>) |

**MEMORANDUM OF DECISION**

**THIS MATTER** is before the court on plaintiff's Motion for Default Judgment (#8), seeking confirmation of the Award of Arbitration as sought by plaintiff in its Motion for Order of Confirmation of Arbitration Award (hereinafter "Application")(#1).

This court has jurisdiction over this matter pursuant to 28, United States Code, Section 1332(a)(1) and 9, United States Code, Section 9. Where a party obtains an award from an arbitrator, a court may enter judgment on that in accordance with 9, United States Code, Section 9, which provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party,

> and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. The court has, therefore, reviewed the pleadings in light of Section 9.

Review of the pleadings reveals that plaintiff has a principal place of business in Charlotte, North Carolina, Application, ¶ 1, and that defendant is a Florida limited liability company. Id., ¶ 2. On May 19, 2009, an arbitrator was appointed pursuant to the underlying arbitration agreement of the parties, and arbitration was conducted in Charlotte on May 12, 2010, id., ¶¶ 7 & 8, at which the parties were represented. Id., Ex. C. After conducting the proceeding, the arbitrator entered her written Arbitration Award on June 2, 2010, Id., Ex. C, which she later declined to modify or clarify at the request of defendant on June 28, 2010. Id., Ex. E.

On July 30, 2010, plaintiff filed the instant application, seeking confirmation of the Award of Arbitrator and entry of judgment in accordance with 9, United States Code, Sections 1 and 13. Defendant was served with plaintiff's application and this court's summons on September 27, 2010, through its registered agent. See Affidavit of Service (#5). After the time to serve answer or otherwise respond to the application expired, plaintiff moved on November 18, 2010, for entry of default (#6), which the Clerk of this court properly considered and entered on December 8, 2010. Entry of Default (#7).

Review of the court's docket since Entry of Default reveals that it has not

sought to set aside the Entry of Default or otherwise respond to plaintiff's Motion for Default Judgment, despite the passage of more than 90 days since such motion was filed. In accordance with Rule 55(b)(2), Federal Rules of Civil Procedure, the court has closely reviewed the Motion for Default Judgment and determined that a hearing is not necessary in this matter as the judgment sought - - confirmation of an award of an arbitrator - - may be fully considered on the record now before the court.

First, the court determines that plaintiff has made the filings required under 9, United States Code, Section 13. See Applications and Exhibits annexed thereto (#1); c.f. 9 U.S.C. § 13. Second, in such award, the arbitrator states that she conducted a hearing, that she heard the allegations and proofs of the parties, and that she reviewed all of the documents and exhibits submitted in making her award; thus, the court concludes that such award was reasoned and based on the facts considered. Third, review of the face of such Award of Arbitrator and the other documents submitted reveals no grounds for vacating such award as provided in 9, United States Code, Section 10(a)(1)-(4). Fourth, such review does not reveal any grounds for modification or correction of such Award of Arbitrator under 9, United States Code, Section 11. Finally, by failing to answer, otherwise respond, or seek to have the default set aside, it appears that the award and the basis for such award is, by default, uncontested and that the award is not unjust as between the parties on its face. It appearing that no statutory grounds appear in the pleadings for vacating, modifying, or correcting such Award, the court will enter the judgment sought, confirmation of the Award of Arbitrator.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Default Judgment (#8), seeking confirmation of the Award of Arbitration, is **GRANTED,** and a **DEFAULT JUDGMENT** consistent with this Memorandum of Decision is entered simultaneously herewith.

Signed: March 17, 2011

Max O. Cogburn Jr.
United States District Judge